IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

RYAN M. WILLIAMS, individually and )
on behalf of all others similarly situated, )
)
      Plaintiff, )
)
vs. ) Case No.: 4:16-cv-00940-W-FJG
)
ZZOUNDS MUSIC, L.L.C., )
)
      Defendant. )

## ORDER

Pending before the Court are (1) Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 7); and (2) Plaintiff's Motion for Leave to File Notice of Supplemental Authority (Doc. No. 18). As an initial matter, plaintiff's motion for leave to file supplemental authority (Doc. No. 18) will be **GRANTED**, and the authority cited in that motion will be considered by the Court.

Defendant argues that plaintiff's Complaint (Doc. No. 1), which alleges violations of the Telephone Consumer Protection Act ("TCPA"), fails to demonstrate Article III standing in light of the Supreme Court's recent decision in Spokeo Inc. v. Robins, 136 S.Ct. 1540 (2016), wherein the Supreme Court found that in order to demonstrate an injury in fact, a plaintiff must allege more than just a statutory violation and instead must "show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id. at 1548. Defendant argues that plaintiff cannot establish any concrete injury, as any harm he suffered is not more than de minimis.

In response, plaintiff notes that his First Amended Complaint provides: he started receiving unsolicited autodialed calls from zZounds in late 2015 (FAC ¶ 47); he never had heard of zZounds, done business with zZounds, or provided his contact information to zZounds (FAC ¶ 48); after a month of receiving the automatic calls, he became annoyed and frustrated and requested zZounds stop calling his personal cell phone (FAC ¶¶ 49-50); the calls continued, with a frequency of "once a day to once a week, sometimes as often as three to four times per week (FAC ¶¶ 50-51, 57); plaintiff received at least 14 calls in June and July 2016, specifying the dates and times for each call (FAC ¶¶ 58); and plaintiff registered his number with the national do-not-call registry. Plaintiff further alleges that his privacy was invaded, that he was annoyed and outraged, and that he was charged out-of-pocket airtime minutes and cellular data for dealing with the phone calls and voicemails. Plaintiff notes that these types of harms are closely related to common law tort claims, such as invasion of privacy, intrusion upon seclusion, and trespass to chattels. See Doc. No. 11, p. 12 (citing Mey v. Got Warranty, Inc., No. 15-cv-101, 2016 WL 3645195 (N.D. W.Va. June 30, 2016) (finding that an alleged violation of TCPA constitutes a concrete injury under Article III).

Defendant, in reply, argues that plaintiff is only citing to district court decisions to support his opinion that an alleged invasion of privacy and loss of mobile phone resources is sufficient to show standing. The Court notes, however, that after this motion was fully briefed, the Ninth Circuit held under similar allegations as here that the recipient of unwanted telephone text messages satisfied the injury-in-fact requirement for Article III standing for a TCPA claim. Van Patten v. Vertical Fitness Group, LLC, --- F.3d ---, No. 14-55980, 2017 WL 460663 (9th Cir. Jan.30, 2017). In Van Patten, the

Ninth Circuit noted that, in enacting the TCPA, Congress made specific findings that telemarketing can be an intrusive invasion of privacy and a nuisance.  Id. at *4 (citations omitted).  The Ninth Circuit further found that in the TCPA, "Congress identified unsolicited contact as a concrete harm, and gave consumers a means to redress this harm."  Id.  The Ninth Circuit concluded, "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients."  Id.  This, the Ninth Circuit found, is a sufficient concrete injury to confer Article III standing.  Id. at *5.  This Court finds the reasoning of the Ninth Circuit to be persuasive, and finds that plaintiff Williams has also sufficiently alleged a concrete injury.  Defendant's motion to dismiss is **DENIED** on this issue.

Defendant further argues that plaintiff has failed to allege a causal connection between his alleged injuries and defendant's conduct.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)(finding "the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court").  Defendant argues that all the subject calls involved a wrong number, and suggest that the mistake in calling plaintiff was not fairly traceable to unlawful conduct by defendant.  Defendant further argues that using a robo-caller made no difference, as plaintiff would have spent the same amount of time answering and addressing defendant's manually dialed phone call which would not have violated the TCPA. Plaintiff in response notes that in Ung v. Universal Acceptance Corp., No. 15-127, 2016 WL 4132244 (D. Minn. Aug. 3, 2016), the Court found when addressing the same argument that defendant's argument "conflates the *means* through which it (allegedly) violated the TCPA with the *harm* resulting from that alleged violation."  Id. *2

(noting that the manner in which the call was placed had no bearing on the existence of an injury, but that use of an autodialer might increase the possibility of a plaintiff receiving hundreds or thousands of phone calls). The Court finds that, given the allegations of this matter, plaintiff has sufficiently alleged that the injury in this case is fairly traceable to the challenged conduct of the defendant (particularly considering that defendant is alleged to have continued to call plaintiff long after plaintiff told it to stop and that plaintiff had no prior business relationship with defendant). Defendant's motion to dismiss on this basis is **DENIED.**

Additionally, in a footnote, defendant argues that its phone calls were for debt collection purposes and are therefore exempt from the TCPA. The Court will not consider this argument at the motion to dismiss stage, as questions of fact exist as to the purpose of defendant's phone calls. Furthermore, plaintiff has raised significant questions in response to the motion to dismiss as to whether this affirmative defense would be appropriately applied to him. To the extent defendant seeks dismissal on this basis, defendant's motion is **DENIED.**

Accordingly, for all the above stated reasons, defendant's motion to dismiss (Doc. No. 7) is **DENIED IN FULL.**

IT IS SO ORDERED.

/S/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
United States District Judge

Dated: February 28, 2017
Kansas City, Missouri